FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 30, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

ALI KANE, also known as
Abdoulaye Toumbou,

                  Plaintiff,

    v.

WILLIAM STOCKWELL, C.U.S.
M-unit; ISAAC MENDOZA,
Correctional Officer; CHLARSON,
Correctional Officer,

                  Defendants.

NO. 2:23-CV-0204-TOR

ORDER RE: PLAINTIFF'S
VARIOUS MOTIONS

BEFORE THE COURT is Plaintiff's Motion for Subpoenas (ECF No. 43),

Motion for Temporary Appointment of Counsel (ECF No. 44), Motion for a Copy

of the Local Civil Rules (ECF No. 45), Motion for a Preliminary Injunction (ECF

No. 46), Letter to Withdraw the Motion for a Preliminary Injunction (ECF No. 49),

Motion to Compel Production (ECF No. 51), and Motion for the Court to

Determine the Sufficiency of Defendants' Answers &  Objections (ECF No. 52).

This matter was submitted for consideration without oral argument.  The Court has

ORDER RE: PLAINTIFF'S VARIOUS MOTIONS ~ 1

reviewed the record and files herein (including Plaintiff's Reply) and is fully informed. For the reasons discussed below, Plaintiff's Motions at ECF Nos. 44, 46, 51 and 52 are **DENIED** and Plaintiff's Motions at ECF Nos. 43, 45 and 49 are **GRANTED**.

**DISCUSSION**

Plaintiff Ali Kane has filed various motions. The Court addresses each in turn.

### 1. Motion for Subpoenas

Plaintiff moves for the Court to issue him 12 blank subpoenas. ECF No. 43. This motion is **granted**.

This is Plaintiff's second motion requesting blank subpoenas. ECF No. 39. The Court previously denied his request because Plaintiff had not specified whether he was seeking to depose his proposed witnesses or was instead soliciting their testimony at a hearing/or trial. ECF No. 40 at 2. The Court explained that, to the extent Plaintiff sought to compel a party's attendance at a deposition, he had not complied with various procedural requirements. *Id.* at 3. The Court further forewarned Plaintiff that, even if it did issue him blank subpoenas, Plaintiff would be responsible for filing those subpoenas on the docket so the Court could review them for compliance with the Federal Rules of Civil Procedure before directing the Marshals Service to serve any intended witnesses. *Id.* at 4-6.

Plaintiff's renewed motion for the issuance of subpoenas specifies that he is requesting the presence of witnesses at trial or potentially "during a summary judgment hearing." ECF No. 43. The Court grants this request, *subject* to the condition that Plaintiff file (1) his proposed subpoenas with the Court for review and (2) an attached motion, describing how the subpoenas meet the requirements of Fed. R. Civ. P. 45, before the Court considers directing service by the US Marshals. *See* Fed. R. Civ. P. 45(a)(3) ("The clerk must issue a subpoena, signed but otherwise in blank," upon a party's request). Plaintiff should carefully review the Court's Order at ECF No. 40, pages 4-6, to ensure compliance with these requirements.

### 2. Motion for Appointment of Counsel

Plaintiff moves for the temporary appointment of counsel for purposes of conducting discovery. ECF No. 44. This motion is **denied**.

Generally, a person has no right to counsel in civil actions. However, the court has discretion to designate counsel pursuant to 28 U.S.C. § 1915(e)(1) under "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.

1983)).

Plaintiff argues counsel is needed because Richard Sterett, attorney for Defendants, has been uncommunicative, Plaintiff feels Mr. Sterett has not taken his claims seriously and provided him with "100% useless" discovery. Even if true, these contentions do not amount to the kinds of exceptional circumstances warranting the appointment of counsel. Accordingly, the motion is **denied**.

### 3. Motion for Copy of Local Rules

Plaintiff requests a copy of the Local Civil Rules for the United States District Court for the Eastern District of Washington. ECF No. 45. Plaintiff represents that he no longer has access to the law library or an electronic device on which he can review the rules due to prison policies surrounding library access.

To ensure Plaintiff's continued compliance with Court procedures, the Clerk's Office is instructed to send Defendant a copy of the Local Civil Rules. The motion is **granted**.

### 4. Motion for Preliminary Injunction & Letter to Withdraw

Plaintiff moved for a preliminary injunction, ECF No. 46, but later wrote a letter to the Court requesting to withdraw that motion, ECF No. 49. Plaintiff's request to withdraw is **granted** and Plaintiff's motion for a preliminary injunction is **denied** as moot.

//

ORDER RE: PLAINTIFF'S VARIOUS MOTIONS ~ 4

### 5. Motions to Compel & Determine the Sufficiency of Defendant's Objections

Plaintiff moves to compel production of various documents requested in his Requests for Production (RFPs).  ECF No. 51.  Plaintiff also requests that the Court "determine the sufficiency of Defendants' objections/denials" and "require Defendants to review their denials [and] supplement those responses as necessary." ECF No. 52 at 1.

Both the Federal Rules of Civil Procedure and the Local Rules require the party bringing a motion to compel to include a certification that he has "in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court action."  LCivR 37; *see also* Fed. R. Civ. P. 26(c)(1) (same).

In response to all of Plaintiff's RFPs, Defendants "request[ed] a meet and confer."  ECF No. 51 at 6-15.  It does not appear such a conference has taken place yet, and Plaintiff has included no certification indicating whether he has attempted to confer with Defendants on these specific matters yet.  At this time, then, the Court denies Plaintiff's motion to compel and related motion regarding the sufficiency of Defendants' objections.  Plaintiff may bring a renewed motion after either conferring with Defendants and certifying that he has done so, or certifying that he has attempted to meet and resolve these issues in good faith.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Subpoenas, ECF No. 43, is **GRANTED**.  The Clerk is directed to mail Plaintiff 12 signed but blank Subpoenas to Appear and Testify at a Hearing or Trial in a Civil Action (AO 88).

2. Plaintiff's Motion for a Copy of the Local Rules, ECF No. 45, is **GRANTED**.  The Clerk's Office is instructed to send Plaintiff a copy of the Local Civil Rules.

3. Plaintiff's Motion to Withdraw, ECF No. 49, is **GRANTED**, and Plaintiff's Motion for a Preliminary Injunction, ECF No. 46, is **DENIED AS MOOT**.

4. Plaintiff's Motion for the Appointment of Counsel ECF No. 44, Motion to Compel (ECF No. 51), and for the Court to Determine the Sufficiency of Defendants' Answers (ECF No. 52) are **DENIED**.

The District Court Executive is directed to enter this Order, furnish copies to the parties, issue Plaintiff a copy of 12 blank but signed subpoenas, and issue Plaintiff a copy of the Local Civil Rules.

DATED August 30, 2024.



THOMAS O. RICE
United States District Judge

ORDER RE: PLAINTIFF'S VARIOUS MOTIONS ~ 6